**Christopher G. Salloum, Esq. (047842013)**
**MANDELBAUM SALSBURG, P.C.**
**3 Becker Farm Road – Suite 105**
**Roseland, New Jersey 07068**
**Telephone: (973) 736-4600**
**Facsimile: (973) 514-1660**
**E-mail: csalloum@lawfirm.ms**
**Attorneys for Defendant,**
  **Chemisys Laboratories, LLC**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NATIONAL MEDICAL SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHEMISYS LABORATORY, LLC, <br><br> Defendant. | Docket No. 2:19-cv-04011-MCA-LDW <br><br> Hon. Madeline Cox Arleo, U.S.D.J. <br> Hon. Leda D. Wettre, U.S.M.J. <br><br> Civil Action <br><br> **ANSWER,** <br> **AFFIRMATIVE DEFENSES, AND** <br> **DEMAND FOR TRIAL BY JURY** |

Defendant, Chemisys Laboratories, LLC, (improperly pleaded as Chemisys Laboratory LLC), by way of Answer to the Complaint of Plaintiff, National Medical Services, Inc., says:

### ANSWER TO "PARTIES"

1. Answering the allegations of paragraph 1 of the Complaint, Defendant denies knowledge sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to its proofs with respect thereto. To the extent that this paragraph alleges or implies that Defendant engaged in any wrongdoing or is otherwise liable to Plaintiff, the allegations are denied.

2. Answering the allegations of paragraph 2 of the Complaint, Defendant states that it is a limited liability company organized and existing under the laws of the State of New York, and

that its principal place of business is 17-01 Pollitt Drive, Fair Lawn, New Jersey 07410. Except as expressly answered herein, the allegations of paragraph 2 of the Complaint are denied.

### ANSWER TO "JURISDICTION AND VENUE"

3. Answering the allegations of paragraph 3 of the Complaint, Defendant states that this paragraph sets forth conclusions of law and not allegations of fact, and, therefore, no answer is required. To the extent that an answer may be required, the allegations of paragraph 3 of the Complaint are denied.

4. Answering the allegations of paragraph 4 of the Complaint, Defendant states that this paragraph sets forth conclusions of law and not allegations of fact, and, therefore, no answer is required. To the extent that an answer may be required, the allegations of paragraph 4 of the Complaint are denied.

### ANSWER TO "WHAT THIS CASE IS ABOUT"

5. Answering the allegations of paragraph 5 of the Complaint, Defendant states that this paragraph sets forth conclusions of law and not allegations of fact, and, therefore, no answer is required. To the extent that this paragraph alleges or implies that Defendant is liable to Plaintiff for the amount stated therein, the allegations of paragraph 5 of the Complaint are denied.

### ANSWER TO "THE FACTS"

6. Defendant denies the allegations of paragraphs 6, 7, 8, and 9 of the Complaint.

7. Answering the allegations of paragraph 10 of the Complaint, Defendant states that, with respect to the period of time from September 2017 through May 3, 2018, a document dated May 3, 2018 entitled "Monthly Statement" for the amount of $154,436.50 is the sole such document that it received from Plaintiff regarding any monies purportedly owed by Defendant to Plaintiff. Upon receipt of this so-called "Monthly Statement," Defendant immediately objected to

Plaintiff. Except as expressly answered herein, the allegations of paragraph 10 of the Complaint are denied.

8. Answering the allegations of paragraph 11 of the Complaint, Defendant states that this paragraph sets forth conclusions of law and not allegations of fact, and, therefore, no answer is required. To the extent that this paragraph alleges or implies that Defendant engaged in any wrongdoing or is otherwise liable to Plaintiff for the debt alleged therein, the allegations of paragraph 11 of the Complaint are denied.

## ANSWER TO "AS AND FOR A FIRST CLAIM FOR RELIEF"

9. Answering the allegations of paragraph 12 of the Complaint, Defendant repeats and realleges its answers to the preceding paragraphs of the Complaint as if the same were set forth verbatim herein.

10. Answering the allegations of paragraph 13 of the Complaint, Defendant states that this paragraph sets forth conclusions of law and not allegations of fact, and, therefore, no answer is required. To the extent that an answer is required, the allegations of paragraph 13 of the Complaint are denied.

## ANSWER TO "AS AND FOR A SECOND CLAIM FOR RELIEF"

11. Answering the allegations of paragraph 14 of the Complaint, Defendant repeats and realleges its answers to the preceding paragraphs of the Complaint as if the same were set forth verbatim herein.

12. Defendant denies the allegations of paragraphs 15 and 16 of the Complaint.

13. Answering the allegations of paragraph 17 of the Complaint, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to its proofs with respect thereto. To the extent that this paragraph

alleges or implies that Defendant engaged in any wrongdoing, is liable to Plaintiff for Plaintiff's alleged "standard prices from its price list" or is otherwise liable to Plaintiff for any other reason, the allegations of paragraph 17 of the Complaint are denied.

14. Answering the allegations of paragraph 18 of the Complaint, Defendant states that this paragraph sets forth conclusions of law and not allegations of fact, and, therefore, no answer is required. To the extent that this paragraph alleges or implies that Defendant engaged in any wrongdoing or is otherwise liable to Plaintiff, the allegations of paragraph 18 of the Complaint are denied.

15. Defendant denies the allegations of paragraphs 19, 20, 21, 22, and 23 of the Complaint.

16. Answering the allegations of paragraph 24 of the Complaint, Defendant states that this paragraph sets forth conclusions of law and not allegations of fact, and, therefore, no answer is required. To the extent that this paragraph alleges or implies that Defendant engaged in any wrongdoing or is otherwise liable to Plaintiff for the debt alleged therein, the allegations of paragraph 24 of the Complaint are denied.

## GENERAL DENIAL

Except as expressly stated otherwise above, Defendant denies each and every allegation contained in the Complaint, including, without limitation, the headings contained in the Complaint, and specifically denies liability to Plaintiff. Pursuant to Federal Rule of Civil Procedure 8(d), averments in the Complaint to which no responsive pleading are required shall be deemed denied. Defendant expressly reserves the right to amend and/or supplement its Answer and Separate Defenses.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint is barred, in whole or in part, because it fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's Complaint is barred, in whole or in part, under the doctrine of equitable estoppel.

### Third Affirmative Defense

Plaintiff's Complaint, and each purported cause of action contained therein, is barred, in whole or in part, by the doctrine of assumption of risk.

### Fourth Affirmative Defense

Plaintiff's Complaint, and each purported cause of action contained therein, is barred, in whole or in part, because Plaintiff's damages, if any, were caused by the conduct or negligence of others over whom Defendant had no control.

### Fifth Affirmative Defense

Plaintiff's Complaint, and each purported cause of action contained therein, is barred, in whole or in part, by the doctrine of accord and satisfaction.

### Sixth Affirmative Defense

Plaintiff's Complaint, and each purported cause of action contained therein, is barred, in whole or in part, because the Plaintiff failed to exercise reasonable diligence in mitigating, minimizing, or avoiding the damages allegedly sustained.

### Seventh Affirmative Defense

Plaintiff's Complaint, and each purported cause of action contained therein, is barred, in whole or in part, by the doctrine of laches.

### Eighth Affirmative Defense

Plaintiff's Complaint, and each purported cause of action contained therein, is barred, in whole or in part, by the doctrine of waiver.

### Ninth Affirmative Defense

Plaintiff is not entitled to any of the relief sought in the Complaint because Plaintiff comes before the Court with unclean hands.

### Tenth Affirmative Defense

Plaintiff's Complaint, and each purported cause of action contained therein, is barred, in whole or in part, by the doctrine of avoidable consequences.

### Eleventh Affirmative Defense

Plaintiff's Complaint, and each purported cause of action contained therein, is barred, in whole or in part, because of the doctrine of unconscionability.

### Twelfth Affirmative Defense

Plaintiff's Complaint, and each purported cause of action contained therein, is barred, in whole or in part, because Plaintiff did not act in good faith and/or otherwise breached the covenant of good faith and fair dealing.

### Thirteenth Affirmative Defense

Plaintiff's Complaint, and each purported cause of action contained therein, is barred, in whole or in part, because Plaintiff did not reasonably rely on any alleged promise or alleged conduct by Defendant.

**Fourteenth Affirmative Defense**

Plaintiff's Complaint, and each purported cause of action contained therein, is barred, in whole or in part, because any alleged contract, promise, or agreement that the Complaint implies and/or alleges to exist was induced by fraud, duress, and/or undue influence.

**Fifteenth Affirmative Defense**

Plaintiff's Complaint, and each purported cause of action contained therein, is barred, in whole or in part, because there was no mutual assent as to the terms of the contract, promise, or agreement that the Complaint implies and/or alleges to exist.

**Sixteenth Affirmative Defense**

Plaintiff's Complaint, and each purported cause of action contained therein, is barred, in whole or in part, because Defendant breached no duty owed to Plaintiff by operation of contract or law.

**Seventeenth Affirmative Defense**

Plaintiff's Complaint, and each purported cause of action contained therein, is barred, in whole or in part, because the parties to the contract that the Complaint implies and/or alleges to exist did not reach agreement on all material terms.

**Eighteenth Affirmative Defense**

Plaintiff's Complaint, and each purported cause of action contained therein, is barred, in whole or in part, because Plaintiff has suffered no damages or actual losses.

**Nineteenth Affirmative Defense**

Plaintiff's Complaint, and each purported cause of action contained therein, is barred, in whole or in part, the statute of frauds and/or the New Jersey Uniform Commercial Code.

**Twentieth Affirmative Defense**

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have other, as yet unstated, defenses available.  Accordingly, Defendant hereby reserves the right, pending completion of discovery herein, or at any other time prior to trial, to assert any such additional defenses that may exist.

**WHEREFORE**, Defendant, Chemisys Laboratories, LLC, demands judgment dismissing, with prejudice, Plaintiff's Complaint in its entirety, together with costs and reasonable attorneys' fees, and such other relief as this Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Fed. R. Civ. P. 38(b), Defendant hereby demands trial by jury for all issues so triable.

                                           **MANDELBAUM SALSBURG, P.C.**
                                           Attorneys for Defendant
                                             Chemisys Laboratories, LLC

Dated:  April 15, 2019              By:_____
       Roseland, New Jersey                     Christopher G. Salloum